# APPENDIX.

## In the Matter of SAM DAVID HODGES.

### (Filed 5 November, 1953.)

Petition for a Writ of *Certiorari* Denied. At the August Term 1951 of the Superior Court of Durham County, the petitioner entered a plea of *nolo contendere* to an indictment charging him with embezlement. The court sentenced him to serve 8 months in jail to be assigned to work under the supervision of the State Highway and Public Works Commission of North Carolina for a period of 8 months. This 8 months sentence was suspended, and the defendant was placed on probation for a period of 2 years: the conditions of probation being set forth with particularity in the sentence. On 2 February 1953, in Cumberland County Recorder's Court, petitioner was found guilty of Public Drunkenness and Assault With a Deadly Weapon and was sentenced to 30 days: which sentence was suspended for 6 months upon good behavior and upon the payment of costs. On 4 March 1953 the petitioner, in the Cumberland County Superior Court, was convicted of Forgery, and was sentenced to serve 1 to 3 years in the State's Prison in Raleigh. At the May Term 1953 of the Superior Court of Durham County, the presiding judge revoked the judgment of probation entered at the August Term 1951 of that court. In revoking the probation the court found as facts that the petitioner had wilfully violated the conditions of probation by being convicted of Public Drunkenness and Assault With a Deadly Weapon in the Recorder's Court of Cumberland County, as set forth above; and further by being convicted of Forgery in the Superior Court of Cumberland County, as set forth above. And the presiding judge ordered that the 8 months sentence given this petitioner at the August Term 1951 of the Durham Superior Court be put into effect "to begin at the expiration of a sentence of not less than 1 year and no more than 3 years in State's Prison imposed on 4 March 1953, in Cumberland County Superior Court under Docket No. 7386." The provision that this 8 months sentence should begin at the expiration of his sentence for Forgery passed against him in Cumberland County Superior Court is irregular. It is adjudged by the court that this 8 months sentence runs concurrently with the sentence that he is now serving for Forgery as aforesaid.

Parker, J., *For the Court.*
November 5, 1953.